

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM MICHAEL TAYLOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MILTON E. NIX, JR., )<br>GARLAND R. HUNT, )<br>GARFIELD HAMMONDS, JR., )<br>EUGENE P. WALKER and )<br>L. GALE BUCKNER, )<br>)<br>Defendants. ) | CIVIL ACTION FILE<br><br>NUMBER 1:05-cv-2462-TCB |

### ORDER

This matter is before the Court on Plaintiff's motion to compel discovery.

Plaintiff is a prisoner in the Georgia state prison system. In 1979, he was convicted of aggravated sodomy and child molestation, for which he was sentenced to life plus ten years. In 1988, he was granted parole. In 1989, he pled guilty to kidnapping, and his parole was revoked.

In September 2005, Plaintiff filed this action against the members of the Georgia Board of Pardons and Paroles (the "Board").[1] His pleading, as amended, contends that the Board has denied him parole in retaliation for, inter alia, having previously filed a lawsuit in state court against the Board. He contends that such retaliatory denials violate his First Amendment rights.

Plaintiff also contends that the Board has violated the Constitution's Ex Post Facto Clause. In Georgia, life sentence inmates first become eligible for parole seven years after their incarceration begins. As of 1979, when Plaintiff was originally incarcerated, the Board's rules required that parole be reconsidered every year after the initial, seventh-year hearing. After Plaintiff became a prisoner, the Board amended its rules to provide that after the initial, seventh-year review, inmates with life sentence need be reconsidered for parole only once every eight years. Plaintiff claims that this rule amendment by the Board violates the Ex Post Facto Clause and that the Board is required to consider him for parole annually, in accordance with the Board's rules that were in effect when he was first incarcerated.

---

[1] For ease of reading, the Defendants are collectively referenced herein as the "Board."

Finally, Plaintiff complains that the period of his incarceration is unconstitutionally disproportionate to the time served by other inmates convicted of the same or more serious offenses. He contends that his incarceration therefore violates the Equal Protection Clause.

On July 31, 2006, the parties filed cross-motions for summary judgment. On August 11, 2006, Plaintiff filed a motion to compel the Board to produce documents that the Board objected to producing in response to a document request served by Plaintiff. The document request sought, inter alia, the production of all documents relating to the Board's decision to deny Plaintiff parole in 2004.

The Board objected to producing these documents on the grounds that they are confidential state secrets in accordance with O.C.G.A. § 42-9-53(b) (1997), which provides, "All information . . . received by the members of the board in the performance of their duties under this chapter and all records, papers, and documents coming into their possession by reason of the performance of their duties under this chapter shall be classified as confidential state secrets . . . ." Subsection (c) of the statute provides, "No person shall divulge or cause to be divulged in any manner any confidential state secret."

In his discovery motion, Plaintiff does not dispute that the unproduced documents constitute confidential state secrets. However, he contends that the Board has waived the privilege against disclosure by referring to the documents in its brief in support of its motion for summary judgment. To resolve this dispute, it is necessary to first consider exactly what the Board disclosed in its summary judgment brief.

On pages 6 and 7 of its summary judgment brief, the Board points out that after Plaintiff filed this action, the Board discovered that two letters had inadvertently been placed in his "clemency" file, i.e., the Board's file pertaining to its consideration of parole for Plaintiff. In order to prevent prisoners from contending that they have been denied parole in retaliation for filing litigation against the Board, the Board maintains a prisoner's litigation-related documents in a separate file from his clemency file.

The two misfiled letters were written in 1985, and they pertain to the state court lawsuit that Plaintiff filed against the Board earlier that year.

Defendant's summary judgment brief then states the following:

> Plaintiff's [clemency] file also had two letters from him to prison officials that contained complaints and comments on prison conditions. The letters from Plaintiff to the prison officials were forwarded to the Board with cover letters critical of Plaintiff. (Affidavit of Tracy Masters, 21)

4

These documents were removed from Plaintiff's clemency file along with any documents referencing them.

Plaintiff seeks the production of (1) his two letters to prison officials containing complaints and comments on prison conditions; (2) the cover letters critical of Plaintiff; and (3) the "documents referencing" these documents that were removed from his clemency file. Plaintiff contends that by referencing and relying upon these documents in its summary judgment brief, the Board has waived the state secrets privilege.

It should first be noted that copies of Plaintiff's two letters to prison officials complaining about prison conditions are attached as exhibits to the affidavit of Tracy Masters, which the Board filed in support of its motion for summary judgment. Thus, while Plaintiff may rely upon the reference in the Board's summary judgment brief to these two letters as evidence of the Board's waiver of the privilege, Plaintiff's motion to compel with respect to these two letters is moot, as the Board has produced them by filing them with Masters's affidavit. Thus, the only documents that are subject to Plaintiff's discovery motion are the cover letters critical of him and the documents referencing the documents that were removed from his clemency file.

5

The Board has submitted to the Court for in camera inspection "the four documents identified by Plaintiff in connection with their motion to compel." The four documents are: (1) a two-page, October 8, 1997 letter to the Board's former chairman, Walter Ray; (2) a one-page November 3, 1997 memorandum to the Board's former Director of Victim Assistance; (3) a one-page November 6, 1997, letter from the Board's former Director of Victim Assistance responding to the November 3 letter; and (4) a brief (sixty-one words), undated, handwritten note to a third party from Ray, referencing the letter to him.[2]

As noted above, in weighing Plaintiff's motion it is necessary to consider what the Board disclosed in its summary judgment brief that might constitute a waiver of the state secrets privilege. It is also necessary to consider the purpose of this disclosure in the Board's brief.

The Board's reference to these documents appears in the "Statement of Facts" portion of its summary judgment brief. The manifest purpose of the reference was simply to explain to the Court, in connection with

---

[2] The Court presumes that the four documents constitute *all* of the documents in the Board's possession, custody or control constituting the "cover letters critical of Plaintiff" and the "documents referencing" the documents that were removed from Plaintiff's clemency file, i.e., the documents referenced on page 7 of the Board's summary judgment brief.

Plaintiff's retaliation claim, the sequence of events involving the Board's inadvertent inclusion of documents in, and subsequent removal of those documents from, Plaintiff's clemency file.

In support of his motion to compel, Plaintiff cites *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir. 1994), in which the court stated that a party "waives the [attorney-client] privilege if it injects into the case an issue that in fairness requires an examination of otherwise protected communications." Likewise, Plaintiff relies upon *Cox*'s statement that "the attorney-client privilege is waived when a litigant places information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party." *Id.* at 1418.

To the extent that *Cox* even applies (inasmuch as it involved the attorney-client privilege, not Georgia's state secrets privilege), it is inapposite because the Board has not injected any issue by referencing the documents in its summary judgment brief. Contrary to Plaintiff's contention, the Board does not rely upon these documents in support of its motion for summary judgment. Rather, the Board merely identified and briefly described them in its summary judgment brief in order to

specifically identify the documents that were inadvertently placed in Plaintiff's clemency file.

Plaintiff contends that by denying him access to the documents, the Board has been "able to give a completely one-sided presentation of what documents were contained in [his] file" without allowing him an opportunity to effectively respond. But the Board's only description of the documents in its summary judgment brief is its characterization of the two cover letters as "critical" of Plaintiff. The Court does not agree that this laconic description of the two cover letters constitutes "a completely one-sided presentation" of a material matter. And the Court's in camera inspection of the four documents did nothing to deter the Court from this conclusion.

The Georgia Legislature has chosen to afford the broadest protection possible to the Defendant Board members by conferring privileged status upon "All" information, both oral and written, and "all" records, papers and documents received or used by them in the performance of their duties. O.C.G.A. § 42-9-53(b) (1997). The Court finds that the State of Georgia has a compelling and justifiable interest in creating and preserving this privilege and that the privilege was not waived merely by the Board's

reference to, and brief description of, a few privileged documents. Accordingly, the Court DENIES Plaintiff's motion to compel discovery [43].

IT IS SO ORDERED this 13th day of September, 2006.

_____
Timothy C. Batten, Sr.
United States District Judge